## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-706-CRS-CHL

**HUMPHREYS & PARTNERS ARCHITECTS, L.P.,**                              **Plaintiff,**

v.

**HRB LOUISVILLE LLC, et al.,**                                         **Defendants.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendants HRB Louisville LLC, Henneman Engineering, Inc., Royal/Buck Company LLC, HRB Royal Louisville Member LLC, Buck SH Company LLC, John Buck Company LLC, and Royal Apartments USA, Inc. (collectively, "Defendants") for entry of a protective order ("Motion for Protective Order"). (DN 37.)  Plaintiff Humphreys & Partners Architects, L.P. ("Plaintiff") has filed a response in opposition and Defendants have filed a reply.  (DN 41; DN 45.)  This matter is now ripe for review.  For the following reasons, the Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**.

### Background

Defendants ask the Court to enter a protective order to govern discovery in this case. Defendants describe their proposed protective order (DN 37-1), which spans approximately 25 pages, as a "standard, two-level – 'Confidential' and 'Highly Confidential' – Protective Order to be used by parties and non-parties with production of documents or [electronically stored information] in this case." (DN 37 at 1.)  They state that they have used this type of protective order in many other cases "without difficulty for any party or non-party." (DN 37 at 2.)  Plaintiff agrees that entry of a protective order is appropriate in this case, but opposes a single aspect of

Defendants' proposed protective order. Specifically, Plaintiff argues that Defendants' definition of materials to be designated "Highly Confidential" is overly broad in that it would prohibit Plaintiff's architects from reviewing certain documents that bear directly on Plaintiff's claims of copyright infringement.

Defendants' proposed protective order defines "Highly Confidential Material" as follows:

> **Highly Confidential Material:** For purposes of this Order, Highly Confidential Material is any Protected Data and/or Confidential Material as defined in Section 6 which also <u>includes non-public product design and testing information</u> or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, <u>technical data, and non-public designs)</u>, the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party or Producing Party's customers or business partners.

(DN 37-1, ¶ 7 (emphasis added).) Plaintiff argues that Defendants' proposed definition, specifically, the underlined portions of the above excerpt, "presumptively defin[es] all plans, drawings and architectural work" as "Highly Confidential Material," and that documents falling within the scope of this definition are integral to Plaintiff's claims of copyright infringement pursuant to 17 U.S.C. § 101, *et seq.* (DN 41 at 3-4.) Plaintiff points out that under Defendants' proposed protective order, once a document is designated "Highly Confidential Material," the receiving party's ability to use such document is restricted. (*See* DN 37-1, ¶¶ 8(a)-(g).) Plaintiff contends that, through their proposed definition of and limitations on the use of "Highly Confidential Material," Defendants seek to prevent Plaintiff's employees and other potential witnesses from reviewing documents designated as such. (DN 41 at 3-4.)

Defendants counter that the proposed protective order does not dictate that architectural plans and drawings be designated "Highly Confidential." They argue that the proposed order contains a mechanism for any party to contest a "Confidential" or "Highly Confidential" designation, and that as part of that mechanism, the producing party bears the burden of establishing that the designation was proper. (DN 37 at 1-2; DN 37-1, ¶ 17.) Defendants also note that the proposed protective order requires the producing party to designate documents as "Confidential" or "Highly Confidential" based on a "good faith reasonabl[e] belie[f]" and to "take reasonable care to limit any such designation to [the] specific document, interrogatory response, deposition testimony or other Discovery Material that qualifies under the appropriate standards." (DN 37 at 2 (quoting DN 37-1 at ¶¶ 3, 5).) Plaintiff accuses Defendants of "seek[ing] to create a procedural hurdle requiring Plaintiff to contest Defendants' designation of such materials and to seek permission from the court before these documents can be shared directly with Plaintiff and its architects." (DN 41 at 4.) Plaintiff contends that Defendants' suggested approach will lead to delay and waste of judicial resources.

With its response, Plaintiff tendered an alternative proposed protective order, which it characterizes as "fairly weigh[ing] Plaintiff's need for meaningful access to the documents most crucial to this case with Defendants' claimed need for protection of confidential and proprietary information." (DN 41 at 11.) Plaintiff's proposed protective order does not indicate which portion(s) of Defendants' proposed order it has altered. Upon review, the Court believes that the following excerpt contains the sole changes proposed by Plaintiff:

> **Highly Confidential Material:** For purposes of this Order, Highly Confidential Material is any Protected Data and/or Confidential Material as defined in Section 6 which also includes ~~non-public product design and testing information~~ or [sic] extremely sensitive,

3

> highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans~~, technical data, and non-public designs~~), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party or Producing Party's customers or business partners.

(DN 41-4, ¶ 7 (strike-through notations added).) Plaintiff states that limiting Defendants' proposed protective order as set forth above would alleviate its concerns regarding Defendants' ability to automatically preclude Plaintiff's employees and other potential witnesses from reviewing documents that may be evidence of copyright infringement.

Upon reviewing Plaintiff's proposed changes to the protective order, Defendants proposed what they describe as a compromise provision. (DN 45 at 3.) Defendants' revised provision states as follows:

> **Highly Confidential Material:** For purposes of this Order, Highly Confidential Material is any Protected Data and/or Confidential Material as defined in Section 6 <u>which also includes extremely sensitive, highly confidential, non-public information, the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party or Producing Party's customers or business partners.</u>

(DN 45 at 3.) The underlined portion of the above excerpt removes any and all descriptions of covered materials and would leave it to the producing party and their counsel to comply with the protective order. Prior to filing their reply, Defendants' counsel proposed the above language to Plaintiff's counsel. Plaintiff's counsel responded that Plaintiff would only agree to a "Highly Confidential" designation if the section were "limited to financial or business planning documents" and were to "expressly exclude[] design and design development documents." (DN 45-2 at 4, 5.) Defendants contend that the above suggested compromise language eliminates

Plaintiff's concerns, and they again point to the provisions within the proposed protective order that allow a party to challenge another party or non-party's designation of materials as "Confidential" or "Highly Confidential." With their reply, Defendants tendered a revised proposed protective order (DN 45-3) that is consistent with the proposed compromise language excerpted above.

## Discussion

Rule 26(c) of the Federal Rules of Civil Procedure governs the use of protective orders. It provides that a party or person from whom discovery is sought "may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* In this case, it is unclear from the record whether Plaintiff served discovery requests on Defendants prior to the filing of the Motion for Protection Order. Nonetheless, all parties agree that a protective order is needed before any meaningful exchange of discovery materials can take place. Further, it is evident from the exhibits to the parties' briefs that counsel for Defendants and Plaintiff tried, in good faith but without success, to resolve their dispute regarding the terms of the protective order before Defendants filed the Motion. Based on the foregoing, the Court finds that the preliminary requirements of Rule 26(c) are satisfied.

Rule 26(c) further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The Court finds that there is good cause to enter a protective order in this case. The parties agree that a protective order is necessary due to the

confidential, proprietary, and otherwise sensitive nature of at least some documents that will be produced during discovery. The Court notes that all three of the proposed protective orders tendered by the parties contemplate that only some materials produced in discovery will fall into one of the two "confidential" categories; others will simply be exchanged pursuant to the usual course of civil discovery. The sole dispute, as is outlined in depth above, relates to the definition of "Highly Confidential" in the two-tiered scheme of designating documents as "Confidential" or "Highly Confidential."

The Court finds that the language proposed by Defendants in their "compromise" protective order (DN 45-3) is sufficient to alleviate the parties' present concerns. First, given that Defendants proposed the language, they evidently believe it offers them sufficient protection from their concerns regarding the production of their confidential and proprietary information. Second, the language in the "compromise" version eliminates any reference to specific types or categories of documents, thereby doing away with automatic designation of certain types of documents as "Highly Confidential."

Other aspects of the protective order, to which all parties readily agree, provide safeguards that should further alleviate Plaintiff's concerns regarding Defendants' ability to undermine Plaintiff's development of its case. On a general level, with respect to designation of materials for protection under the protective order, Section 5 requires a producing party to "take reasonable care to limit any such designation to [the] specific document, interrogatory response, deposition testimony, or other Discovery Material that qualifies under the appropriate standards." (*Id.* at ¶ 5.) More specifically, pursuant to Section 3, a producing party may only designate discovery material as "Confidential" or "Highly Confidential" if it "in good faith reasonably

believes that such Discovery Material contains non-public, confidential material as defined in Sections 6 and 7" of the protective order. (DN 45-3, ¶ 3.)

Last but certainly not least, Section 17 of the proposed protective order contains a detailed, multi-step procedure for any party to object to another party's designation of material as "Confidential" or "Highly Confidential." Section 17 provides as follows:

> **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order by another party, the objecting party first shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party will have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated "Confidential" or "Highly Confidential" shall be treated as such until a final, unreviewable ruling has been entered that they should not be so treated.

(*Id.* at ¶ 17.) The portions of Defendants' proposed protective order that are excerpted above demonstrate the existence of safeguards at several levels: (1) the requirement of reasonable care in designating any document as being within the scope of the protective order; (2) the requirement of a good-faith belief that designation as "Confidential" or "Highly Confidential" is justified; (3) the absence of any deadline to challenge the propriety of such a designation; (4) the requirement that the parties first attempt to resolve a dispute over a confidentiality designation among themselves; and finally, (5) the inclusion of a procedure for seeking the Court's intervention with respect to disputes that cannot be resolved by the parties alone.

The analysis set forth above is not intended to minimize Plaintiff's concerns regarding its ability to share discovery materials with its architects, other employees, and other potential witnesses. On the contrary, the Court is concerned whenever any party misuses the discovery process to obstruct another party's ability to develop its case. However, at this juncture, the Court finds that this case does not raise such concerns. Unless and until there is a particular document or other material designated by Defendants as "Highly Confidential," and the parties are not able to resolve among themselves a dispute as to such designation, the Court simply cannot conclude that Defendants are misusing the "Highly Confidential" designation.

"Without having seen [any] documents at issue, the Court is not making an advance ruling about the appropriateness of any particular document's designation." *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 2012 U.S. Dist. LEXIS 117634, *18 (S.D. Ohio Aug. 21, 2012) (later proceedings affecting other aspects of opinion omitted). Plaintiff, "under the terms of the protective order . . . retains the ability to challenge any designation once it has received the documents[, which] will allow for any challenge to the designation if the confidentiality concerns, or any other basis asserted for the availability of the designation, are not as portrayed by [Defendants]." *Id.* In short, the Court finds that Plaintiff's arguments regarding Defendants' misuse of the "Highly Confidential" label to keep from Plaintiff certain documents integral to Plaintiff's claims are premature and merely hypothetical at this juncture. *Cf. Clippard v. Yamaha Motor Corp. USA*, 2015 U.S. Dist. LEXIS 32295, *4-6 (W.D. Ky. Mar. 16, 2015) (finding that party's request to share discovery materials with parties to other actions amounted to seeking "preemptive permission," was premature, and that better course would be to file

motion to amend existing protective order to allow plaintiff to share particular confidential discovery materials with particular nonparty).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Protective Order (DN 37) is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Protective Order is GRANTED to the extent that it requests that a protective order be entered. The Motion for Protective Order is DENIED to the extent that it requests that the Court enter Defendants' originally-tendered proposed protective order. (DN 37-1.) The Court HEREBY ORDERS that the proposed protective order (DN 45-3) tendered by Defendants in conjunction with their reply (DN 45) SHALL BE ENTERED and shall be binding on the parties during the course of discovery in this case. All parties shall be mindful of their obligations pursuant to Fed. R. Civ. P. 37(1) and LR 37.1. Finally, The Clerk of Court is directed to enter DN 45-3 as a new docket entry in this case and designate it a "Protective Order."

cc: Counsel of record