UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HUMPHREYS & PARTNERS ARCHITECTS, L.P.                                    PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:14-cv-00706-CRS

HRB LOUISVILLE LLC, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Humphreys & Partners Architects, L.P. ("Humphreys") brought suit alleging copyright infringement against Defendants HRB Louisville LLC; HRB Louisville Member LLC; Royal/Buck Company LLC, Buck SH Company, LLC, The John Buck Company, LLC, Buck Development Louisville, LLC, Buck Development, LLC and TJBC, Inc.; Henneman Engineering Inc.; and Royal Apartments USA, Inc. (collectively, the "Defendants"). Humphreys now moves for partial summary judgment on the issue of whether it owns a valid copyright. For the reasons below, the Court will grant Humphreys' motion.

### Background

This case involves alleged architectural copyright infringement arising from architectural drawings and the subsequent construction of a student housing complex near the University of Louisville. Humphreys prepared plans and drawings for the student housing complex for the original developers. Humphreys later registered these designs (collectively, the "12101 Louisville Design") with the United States Copyright Office.

1

In 2013, Defendant HRB Louisville LLC bought certain rights and assets in the project from the original developers. Humphreys alleges that the 12101 Louisville Design was used without its authorization as the basis for the student housing complex's construction.

## Standard

Before granting a motion for partial summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law" concerning the part of each claim identified. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## Discussion

To prove a copyright infringement claim, Humphreys must prove (1) it owned the copyrighted creation and (2) that the Defendants copied original elements of Humphreys' work. *See Martinez v. McGraw*, 581 F. App'x 512, 514 (6th Cir. 2014); *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009). Humphreys has only moved for partial summary judgment on the first issue. A plaintiff owns a valid copyright in a work if the plaintiff proves that the work is original and that the plaintiff is the author or creator of the work. *See* 17 U.S.C. § 102(a); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

"In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "The filing of a certificate of registration creates a rebuttable presumption of the validity of a copyright." *BancTraining Video Sys. v. First Am. Corp.*, 956 F.2d 268 (6th Cir. 1992) (per curiam). Although the presumption is rebuttable, the party challenging the copyright carries this burden. *Id.*; *Mid-S. Inst. of Self Def. Shooting, Inc. v. Habermehl*, 221 F.3d 1335 (6th Cir. 2000); *Hi-Tech Video Prods. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995).

Humphreys has submitted six copyright registrations from the United States Copyright Office relating to the 12101 Louisville Design. *See* ECF Nos. 66-3 – 66-8. Humphreys has also submitted seven copyright registrations related to prior works that Humphreys used as a source for elements of the 12101 Louisville Design. *See* ECF Nos. 66-9 – 66-8; ECF Nos. 67-16 – 67-18; ECF Nos. 69-1 – 69-2; ECF Nos. 69-9 – 69-10; ECF No. 70-1. Humphreys completed these works in 2012, within five years of the Copyright Office issuing certificates of registration in 2014. Furthermore, as additional evidence of ownership, Humphreys provided affidavits supporting the authorship and originality of the 12101 Louisville Design.

Defendants have not offered any evidence to rebut the presumption of a valid copyright or even dispute the additional evidence of copyright ownership. Defendants argue that Humphreys' motion should be viewed as a Fed. R. Civ. P. 56(g) motion to establish facts. However, ownership of a valid copyright is an element of copyright infringement. The Court can and will narrow the issues in the case. As a matter of law, Humphreys owns a valid copyright to the 12101 Louisville Design.

Defendants further argue that a certification of registration is merely a presumption and is rebuttable. This is correct as a matter of law. However, Defendants have not attempted to rebut this presumption and Humphreys has provided evidence of copyright ownership beyond the certificates of registration.

Defendants also argue that discovery is still ongoing and ruling on this motion would be premature. When a party opposes summary judgment due to a need for additional discovery, Fed. R. Civ. P. 56(d) requires the party to file an affidavit indicating its need for discovery and an explanation of the relevant material sought and why the information has not been previously discovered. *See In re Aredia & Zometa Products Liab. Litig.*, 352 F. App'x 996, 998 (6th Cir. 2009); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Defendants have not filed any such affidavit.

Lastly, Defendants argue that Humphreys is seeking summary judgment on a matter not in controversy: whether Humphreys owns a valid copyright for the works that were a source for some elements of the 12101 Louisville Design. The Court, however, construes Humphreys' motion for summary judgment to be limited to the issue of whether it owns a valid copyright to the 12101 Louisville Design. Humphreys' introduction of the additional certificates of registration was to provide evidence that it owned the copyright to elements previously included in other copyrighted designs and subsequently included in the Louisville Design.

The Court will grant Humphreys' motion for partial summary judgment on the issue of whether it holds a valid copyright for the 12101 Louisville Design.

The Court will enter a separate order in accordance with this opinion.

February 5, 2016

Charles R. Simpson III, Senior Judge
United States District Court