UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HUMPHREYS & PARTNERS                                             PLAINTIFF
ARCHITECTS, L.P.


v.                                                CIVIL ACTION NO. 3:14-cv-00706-CRS


HRB LOUISVILLE LLC, et al.                                       DEFENDANTS


### MEMORANDUM OPINION AND ORDER

Defendants HRB Louisville, LLC, Royal/Buck Company, LLC, HRB Louisville Member LLC, Buck SH Company, LLC, Buck Development Louisville, LLC, Buck Development, LLC, The John Buck Company, LLC, and TJBC, Inc. (collectively, the "Defendants") move for partial summary judgment. Plaintiff Humphreys & Partners Architects, L.P. ("Humphreys") brought suit alleging copyright infringement against these Defendants and other defendants alleging copyright infringement. Defendants now move for partial summary judgment on a single discrete issue – whether Humphreys owns a copyright interest in the Louisville Metro Land & Design approved Detailed District Development Plan ("District Development Plan"). *See* ECF No. 95-2.

A party alleging copyright infringement must prove (1) it owned the copyrighted creation and (2) that the defendant copied original elements of the copyrighted work. *See Martinez v. McGraw*, 581 F. App'x 512, 514 (6th Cir. 2014); *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009). This Court granted Humphreys' motion for partial summary judgment finding that Humphreys held a valid copyright to what the Court referred to as the 12101 Louisville Design.

1

*See* Feb. 8, 2016 Order, ECF No. 99. Humphreys' claims against Defendants are based on an alleged infringement of the 12101 Louisville Design.

To establish an original work has been copied, "a plaintiff must either introduce direct evidence of the defendant's copying or prove it indirectly by showing that the defendant had access to the plaintiff's work and that there is a substantial similarity between it and the defendant's work, thus giving rise to an inference of copying." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009) (citation omitted). This "substantial similarity" inquiry consists of a two part analysis: "first, the court must identify which aspects of the artist's work, if any, are protectible by copyright and, second, determine whether the allegedly infringing work is substantially similar to the protectible elements of the artist's work." *Id.* (quotations and citations omitted). The first step requires "'filter[ing]' out elements of the work that are not original to the author." *Id.* This includes filtering out "the indispensable or standard aspects of a work, or those that 'follow directly from unprotectable ideas.'" *Id.* "Once the unprotectable elements have been filtered out, the two works can be compared to determine whether they are substantially similar, a question of fact." *Id.* at 275. In seeking summary judgment that Humphreys is not the owner of a valid copyright in the District Development Plan, Defendants are attempting to indirectly attack whether they copied original elements of the 12101 Louisville Design.

Defendants seek to filter out some potentially unprotectable elements to prepare for an eventual substantial similarity analysis under the guise of whether Humphreys owns the copyright to the District Development Plan. This essentially constitutes arguing in reverse the infringement prong of the claim. This is not, as Defendants suggest at the outset of their briefing, merely a motion seeking to determine whether Humprehys has a copyright claim over the

2

District Development Plan. Humphreys admits that it does not claim to own the District Development Plan. *See* Resp. 2 – 3, ECF No. 102.

Without full briefing on whether Defendants copied original elements of the 12101 Louisville Design, this Court cannot decide a sliver of that analysis discretely.

The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **DENIES** Defendants' motion for summary judgment (DN 95).

**SO ORDERED.**

March 17, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**