UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:14-cv-706-CRS-CHL

**Humphreys & Partners Architects, L.P.,**                                                                 **Plaintiff,**

v.

**HRB Louisville, LLC, et al.,**                                                                                       **Defendants.**

### Memorandum Opinion and Order

Humphreys & Partners Architects, L.P. ("Humphreys") moved to compel the HRB Defendants'[1] compliance with the expert report requirements of Rule 26.  (DN 121).  The HRB Defendants responded in opposition to the motion.  (DN 124).  Humphreys filed a reply.  (DN 125).  The HRB Defendants filed a notice of supplemental case information.  (DN 126).

For the reasons below, the Court will grant in part and deny in part the motion to compel.

### Background

On April 19, 2016, the HRB Defendants filed their expert witness disclosure.  (DN 116).  The disclosure lists Eric H. Sussman, CPA; David E. Shipley; Robert C. Greenstreet, Ph.D; and Amy S. Diestelkamp.  *Id.* at 2 – 6.  The disclosure included reports by Sussman, Shipley, and Greenstreet.  (DNs 116-1; 116-2; & 116-3).

That same day, Humphreys filed this motion.  In its reply, Humphreys says that the HRB Defendants provided the additional information sought with regard to Shipley.  Pl.'s Reply 2.  Now, Humphreys argues that Sussman's report is incomplete and that the HRB Defendants should have disclosed an expert report for Diestelkamp.

---

[1] The HRB Defendants include: HRB Louisville LLC; Royal/Buck Company LLC; HRB Louisville Member LLC; Buck SH Company, LLC; The John Buck Company, LLC; Buck Development Louisville, LLC; Buck Development, LLC; and TJBC, Inc.

## Discussion

Rule 26(a)(2) governs the disclosure of expert testimony. In general, a party must disclose the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A).

> (B) *Witnesses Who Must Provide a Written Report*.
> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—*if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). For a witness who must provide a written report, the report must contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). For a witness who is not required to provide a written report, the disclosure must "state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Then, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). In addition, under Rule 37(c)(1), a party who fails to provide information as required by Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also*, *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

## Analysis

1. <u>Sussman's expert report</u>

Sussman's expert report lists fifty-three cases in which he has participated. Pl.'s Mem. 9 (DN 121-1); Defs.' Resp. 4 n.2. Sussman's first supplement lists twenty-one cases. (DN 120-1). Sussman's second supplement lists nineteen cases. (DN 124-2).

Humphreys argues that the Sussman's first supplement is deficient because it does not list case numbers for all fifty-three cases listed in Sussman's original report. Pl.'s Mem. 9. For example, Humphreys takes issue with the lack of specificity for the cases in California courts. *Id.* at 10 ("Physically searching for case files would be an unreasonable task: there are 38 courthouses for just the Los Angeles Superior Court.").

The HRB Defendants respond that the second supplemental disclosure provides "full case citations for those cases in which the retained experts provided testimony during the past four years, in an effort to resolve Plaintiff's objection to locating this case information independently." Defs.' Resp. 2. According to the HRB Defendants, the second supplemental disclosure "resolves all objections to the completeness of the testifying histories for the HRB Defendants' specially retained expert witnesses." *Id.*[2]

In its reply, Humphreys argues that Sussman's report is deficient because he has not provided courts or case numbers for twenty-eight cases identified in his original report. Pl.'s Reply 2. Humphreys argues that he has the ability to produce the courts and case numbers for these twenty-eight cases. *Id.* at 4.

---

[2] The HRB Defendants did not move for leave to file a sur-reply. In a notice of supplemental authority, the HRB Defendants provided a list of "full case style, case numbers, and tribunals for the cases in which the HRB Defendants' experts testified as an expert at trial or by deposition during the previous 4 years." Notice Supp. Case Information (DN 126). This notice of additional case information appears to provide the same information as Sussman's second supplemental disclosure. *Compare* DN 124-2 *with* DN 126-1.

Humphreys relies heavily on the undersigned's January 12, 2016 memorandum opinion in *Crouch v. John Jewell Aircraft*, 3:07-cv-638-CHL (DN532). In that case, the undersigned wrote:

> Rule 26 requires more than attempted compliance; it requires mandatory disclosure of all deposition and trial testimony within the past four years, together with sufficient information about where that testimony was given to enable the opposing party to gain access to it. *Ater ex rel. Ater v. Follrod*, 2004 WL 6042439 at *3 (S.D. Ohio Nov. 10, 2004). In order to be useful, 'this listing must include, at a minimum, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial.' *Id.* at *1 (citing *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D. N.Y. 1999); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D.Kan. 1995)).

*Id.* at 7.

Contrary to Humphreys's assertions, the opinion in *Crouch* does not show "how strictly Rule 26(a)(2)(B)(v) is enforced." Pl.'s Mem. 9. The Court did exclude that expert witness from testifying, but that expert witness's failure to supplement his report with a full list of trial or deposition testimony was among other reasons the Court excluded his testimony. *See, e.g.*, Mem. Op. 19 (concluding that the expert witness's proffered testimony was irrelevant under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). Here, Humphreys has not argued that Sussman's testimony is inadmissible under *Daubert*.

In its reply, Humphreys takes issue with the HRB Defendants' claim "in a footnote that the original list contained cases 'more than four years ago or in which he did not provide testimony … .'" Pl.'s Reply 4. The HRB Defendants did make this claim in a footnote, but in the body of their response, they also said, "the additional supplemental disclosures filed herewith contain all case citations for cases in which the experts testified at trial or by deposition during the previous four years." Defs.' Resp. 4. Humphreys did not challenge this assertion: that the second supplemental disclosure contains all case citations for which Sussman testified at trial or

by deposition during the previous four years. Instead, Humphreys says, without citation to any authority, that Sussman "should be required to provide the court and case numbers for every case on his curriculum vitae." Pl.'s Mem. 4.

The rule requires disclosure of "a list of all other cases in which, during the previous 4 years, the witness *testified* as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v) (emphasis added). It does not require the court and case number for every case listed on an expert witness's curriculum vitae, and Humphreys has pointed to no authority that suggests otherwise.

The Court assumes that the HRB Defendants' assertion in its response that Sussman's second supplemental list provided "all case citations for cases" in which he testified at trial or by deposition in the last four years is true because Humphreys did not challenge that assertion. The Court will note that said information should have been included with Sussman's initial report, and Humphreys should not have been put to the task of prodding the HRB Defendants to supply it.

Accordingly, the Court will deny as moot Humphreys's motion to compel compliance of Sussman's expert report with Rule 26(a)(2)(B)(v).

2. Whether Diestelkamp is retained or specially employed to provide expert testimony in this case

Diestelkamp did not provide a written report. The HRB Defendants' expert disclosure says:

> (1) Amy S. Diestelkamp is the General Manager of the Cardinal Towne student housing development located adjacent to the University of Louisville campus in Louisville, Kentucky. Ms. Diestelkamp has also served as property manager for other privately developed student housing complexes around the country.
> (2) Ms. Diestelkamp is expected to present evidence based on her experience as a property manager for privately owned student housing projects, including in Louisville, Kentucky, regarding the factors that influence students to choose

> to rent an apartment in one student housing development as opposed to another.
> (3) Ms. Diestelkamp is not receiving any compensation in this case.

DN 116 at 6.

Humphreys argues that Diestelkamp's disclosure is deficient because she is a specially employed witness who did not file an expert report. Pl.'s Mem. 11 – 14. In the alternative, Humphreys argues that even if Diestelkamp is not a specially employed witness, the summary of her testimony is deficient under Rule 26(a)(2)(C). *Id.* at 14 – 16.

The HRB Defendants respond that Diestelkamp is not required to provide a written report because she is not retained or specially employed. Defs.' Resp. 7. They also argue that Diestelkamp's summary is sufficient under Rule 26(a)(2)(C). *Id.* at 7 – 8.

In support of their arguments, Humphreys and the HRB Defendants both cite *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011) and *N. Am. Rescue Prods., Inc. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2009 WL 4110889 (S.D. Oh. Nov. 19, 2009). The undersigned will briefly discuss those cases.

In *Downey*, the plaintiff's expert was an exterminator who inspected and treated the plaintiff's home for bedbugs. 633 F.3d at 4. The district court excluded the exterminator's testimony for his failure to provide a written report under Rule 26(a)(2)(B). *Id.* at 5.

On appeal, the First Circuit discussed various factors that indicate whether an expert witness is "retained or specially employed" under Rule 26(a)(2)(B). *Id.* at 6. The considerations include whether the individual holds "himself out for hire as a purveyor of expert testimony" and whether the expert charges a fee for the testimony. *Id.* at 6. Beyond that,

> In order to give the phrase "retained or specially employed" any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule.

*Id.* at 6. Using these factors, the court of appeals held that the district court erred in finding that the exterminator was a specially employed witness required to file a written report under Rule 26(a)(2)(B). *Id.* at 8. The court of appeals found the district court's exclusion of the exterminator was an abuse of discretion and remanded for a new trial. *Id.*

In *North American Rescue Products*, the defendant's expert was an "occasional client or customer" of the defendant, but he did not "have in-depth familiarity with respect to all of the products at issue in this action." 2009 WL 4110889 at *4. The expert "also testified that he did not have any personal knowledge of the issues presented in this case." *Id.*

In the discussion, the magistrate judge said, "whether an expert report is required depends on whether the expert's opinion will be limited to testimony based on personal knowledge of the factual situation or whether the testimony will be based on information utilized to develop specific opinion testimony—that is, information obtained in anticipation of litigation." 2009 WL 4110889 at *4. The magistrate judge ruled that the expert was specially employed because he had been provided information in anticipation of litigation. *Id.* at *4. The magistrate judge concluded that if the defendant intended to call the expert, he would be required to file a report. *Id.* The district judge affirmed this ruling. 2010 WL 1873291 (S.D. Oh. May 10, 2010).

Here, some facts lean toward a finding that Ms. Diestelkamp is not a "specially employed" witness required to file a written report under Rule 26(a)(2)(B). It does not appear that Ms. Diestelkamp holds herself out as a purveyor of expert testimony in the campus student housing industry because she is a property manager at a competing student housing complex. The disclosure indicates that she "is not receiving any compensation in this case." DN 116 at 6. Moreover, the HRB Defendants say that Ms. Diestelkamp has "not been provided with any material to review in connection with her opinions." Defs.' Resp. 6.

But, the inquiry does not end there.  The disclosure does not provide an explanation of how Ms. Diestelkamp could be considered a "percipient witness who happens to be an expert" rather than someone who has been recruited to provide expert opinion testimony.  *See Downey*, 633 F.3d at 6.  Nor does the disclosure offer a window into the expert opinion she may offer such that opposing counsel could reasonably prepare to depose her.  *See, e.g.*, DN 116 at 6 (asserting that "Ms. Diestelkamp is expected to present evidence based on her experience as a property manager for privately owned student housing projects, including in Louisville, Kentucky, regarding the factors that influence students to choose to rent an apartment in one student housing development as opposed to another.").  And, the disclosure offers no window into whether Ms. Diestelkamp has personal knowledge of and participated in the underlying events.

Ms. Diestelkamp appears to have knowledge of the campus student housing industry, and she may indeed qualify as an expert in that regard.  But, counsel's assertion in the brief that "Her opinions are limited to the factors she observes to influence students' housing decisions" is insufficient to show that she is not retained or specially employed in this case.  Unlike the exterminator in *Downey*, who witnessed the bedbug infestation about which he later provided expert causation testimony, it is unclear how Ms. Diestelkamp could be considered a "percipient witness" in this copyright infringement lawsuit without more detail as to whether she has personal knowledge of and participated in the underlying events.  *See* 633 F.3d at 6.  Rather, it appears that Diestelkamp is someone "who without prior knowledge of the facts giving rise to litigation" has been recruited to provide expert opinion testimony in this matter.  *See id.*

The undersigned concludes that Ms. Diestelkamp has been specially employed to provide expert testimony in this case.  Accordingly, if the HRB Defendants intend to call her as a witness at trial, she must provide a written report in accordance with Rule 26(a)(2)(B).

**Order**

The Court **GRANTS** in part and **DENIES** in part the Plaintiff's motion to compel (DN 121).

The Court **DENIES AS MOOT** the plaintiff's motion to the extent it seeks an order that the HRB Defendants to disclose an expert report for Sussman that complies with Rule 26(a)(2)(B). The Court **GRANTS** the plaintiff's motion to the extent it asks for a ruling that Diestelkamp is a specially employed expert under Rule 26(a)(2)(B). If the HRB Defendants intend to call Diestelkamp as an expert witness at trial, the HRB Defendants **SHALL DISCLOSE** Diestelkamp's written report in accordance with Rule 26(a)(2)(B) **on or before January 15, 2017**.

The Court previously stayed expert witness discovery and the dispositive motion deadline. Order Mar. 7, 2016 (DN 110). Counsel for all parties **SHALL SUBMIT** a joint proposed amended scheduling order **on or before January 15, 2017**.

Going forward, the Court's standing order regarding discovery disputes applies. **No party may file a discovery-related motion without first having participated in a telephonic status conference regarding the dispute.**

Cc: counsel of record

15.0